UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| BRENDA LALISAN | CIVIL ACTION NO. 11-2178 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WYNDHAM VACATION OWNERSHIP, EL AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss filed by the defendants in this matter. (Record Document 28). Defendants argue that this matter must be dismissed for a lack of subject matter and personal jurisdiction, improper venue, and insufficient service of process. Plaintiff, Brenda Lalisan ("Lalisan"), opposes this motion. (Record Document 38). For the reasons that follow in this memorandum ruling, defendants' motion is **GRANTED**.

## BACKGROUND

According to Lalisan's complaint, in 2006, defendants sold a two week time share to Lalisan for $30,000. (Record Document 1 at 2). After making this purchase, Lalisan made several attempts to book a two week stay at the Wyndham Palm Aire located in Pompano Beach, Florida. "However, each time plaintiff tried to do so, plaintiff was redirected to book at another place, or another facility." See id. This continued until 2008, when Lalisan refused to give defendants a new bank account to pay the monthly upkeep fee as part of her timeshare. (Record Document 1 at 3). Lalisan's main compliant arises from the fact that, contrary to what she was made to believe when she purchased the time share, the Wyndham Palm Aire was never available to her for a two week stay.

Defendants claim that this Court lacks subject matter jurisdiction to hear this matter.

(Record Document 28-1 at 8). In her complaint, Lalisan claims that "[t]he jurisdiction of this court is invoked pursuant to 28 U.S.C. § § 1331 and 1332." (Record Document 1 at 2). Less than a month after Lalisan filed her original complaint, Magistrate Judge Hornsby issued a Memorandum Order with the following warning to Lalisan:

> Lalisan may wish to take into consideration some of the following observations before she invests her time and the time of the U.S. Marshal in serving her complaint. Lalisan will bear the burden of establishing subject-matter jurisdiction early in the case. Paragraph 8 of her complaint makes a simple statement that jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332. Section 1331 applies when the claim arises under federal law, but the three causes of action asserted in the complaint appear to be based solely on state law. Section 1332 applies only if Lalisan is diverse in citizenship from every defendant and the amount in controversy exceeds $75,000. There are specific rules for alleging the citizenship of corporations, partnerships, and other entities, none of which have been satisfied in the current complaint and will require a good deal more work to satisfy. The purchase price of the timeshare at issue was only $30,000, so there is also a serious question as to whether the requisite amount in controversy is present.

(Record Document 3 at 2). On April 10, 2012, after Lalisan had filed three amended complaints, Magistrate Judge Hornsby issued another Memorandum Order further addressing subject matter jurisdiction:

> The court, in the prior order, warned Lalisan that there were significant questions about subject-matter jurisdiction, personal jurisdiction, and venue in this case. Lalisan was advised that addressing those issues would be difficult and require a great deal of time and effort to address. Nothing she has filed since that order makes those issues any less difficult, and she should keep them in mind as the case moves forward.

(Record Document 14 at 2). Since this Memorandum Order, Lalisan has amended her complaint twice. (Record Documents 15 and 16). Neither of those complaints address

subject matter jurisdiction.

## LAW AND ANALYSIS

"As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit. A complaint should be dismissed for lack of subject-matter jurisdiction where 'it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.' " Sawyer v. Wright, 11-50676, 2012 WL 718493 (5th Cir. Mar. 7, 2012) (citations omitted).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998)(citations omitted). Subject matter jurisdiction must be proper under either 28 U.S.C. § § 1331 or 1332. 28 U.S.C. § 1331 requires that claims in a civil action must arise "under the Constitution, laws, or treaties of the United States." All of the claims brought by Lalisan arise solely under state law and, therefore, §1331 is clearly not applicable.

Under 28 U.S.C. § 1332, opposing parties to litigation must be of diverse citizenship and the plaintiff must allege an amount in controversy that is greater than $75,000. "Typically, the plaintiff's allegation that the amount in controversy satisfies the jurisdictional minimum is sufficient to invoke diversity jurisdiction." Evanston Ins. Co. v. Spencer, 05-5497, 2006 WL 3143026 (E.D. La. Oct. 30, 2006)."To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.' " St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted).

Punitive damages are considered when determining the amount in controversy. See

id. However, if a party is not entitled to punitive damages, logically, they cannot be considered. In general, attorney's fees are not to be considered unless a party is entitled to them through a contract or statute. See Graham v. Henegar, 640 F.2d 732, 736 (5th Cir. 1981) ("In determining whether attorney's fees should be included in calculating the amount in controversy for purposes of 28 U.S.C. ss 1331 and 1332, courts have consistently held that although attorney's fees are generally not included, attorney's fees should be included where they are provided for by contract or statute.")

In her demands, Lalisan asserts damages in the amount of $30,000 plus 10% interest, $6,000 plus 10% interest, punitive damages, attorney's fees and costs, and $2,500 plus 10% interest. (Record Document 1 at 6). That totals $42,350.00. Further, she requests the elimination of $8,575 in management fees. This brings the total amount in controversy, exclusive of attorney's fees and punitive damages, to $50,925.

Turning to the issue of punitive damages, if Louisiana law applies, they are only recoverable if they are expressly authorized by statute. See Romero v. Clarendon America Ins. Co., 10-338 (La. 3rd Cir. 12/29/10), 54 So.2d 769. Under Florida law, which may be applicable to Lalisan's claims, punitive damages are not recoverable for breach of contract. Lewis v. Guthartz, 428 So. 2d 222, 223 (Fla. 1982) ("It is now a well-settled rule in Florida that punitive damages are not recoverable in a breach of contract action, absent an accompanying independent tort.") However, they may be recoverable under F.S.A. §768.72 if "an employer, principal, corporation or other legal entity" is guilty of "intentional misconduct or gross negligence." Intentional misconduct "means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that

course of conduct, resulting in injury or damage." <u>See id</u>. Gross negligence "means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." <u>See id</u>. In addition to the requirements listed above, a defendant may be liable for punitive damages if:

> (a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
>
> (b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or
>
> (c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

<u>See id</u>.

The Court is not aware of, nor has Lalisan provided, a Louisiana Civil Code article or statute that allows for punitive damages under these circumstances. As for Florida law, from a reading of Lalisan's complaint, the factual allegations do not amount to a claim of gross negligence or intentional misconduct. According to Lalisan's complaint, she voluntarily flew to Florida and participated in a sales event. At this sales event, she was subjected to what she calls a "hard sell." Lalisan contends that the sells representative misrepresented facts to her but, as defendants point out, the contract signed by Lalisan expressly states that she acknowledged, at the time of sale, that she should not rely on any verbal representation not found in the documents she was signing. (Record Document 28-1 at 11). Accordingly, punitive damages would not be recoverable under Florida law. Therefore, punitive damages cannot be taken into account in calculating the amount in

controversy in this matter.

The result is the same when determining if attorney's fees can be considered in the amount in controversy. The Court does not find, nor does Lalisan provide, a contract or statute that provides for attorney's fees in this matter. Accordingly, under Graham, they cannot be considered in this matter for the purposes of diversity jurisdiction.

As a result of the exclusion of punitive damages and attorney's fees, Lalisan's complaint alleges an amount in controversy of only $50,925. This falls short of the required amount of "greater than $75,000." Accordingly, the Court does not have diversity jurisdiction under § 1332 and this claim must be dismissed.[1]

## CONCLUSION

Lalisan has failed to establish subject matter jurisdiction under either 28 U.S.C. § 1331 or 1332. The claims in Lalisan's complaint arise under state law and she has not alleged damages that rise to the necessary amount in controversy.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Record Document 28) filed by the defendants be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of June, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] That is not to say that Lalisan does not have an forum to bring her claim, but that a Federal Court is not that forum. A court of general jurisdiction, likely in the state of Florida, may provide the remedy that Lalisan seeks.